**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Ave., 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
       lrosen@rosenlegal.com

*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| YOAV GUTMAN, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LIZHI INC., JINNAN LAI, NING DING, ZELONG LI, XI CHEN, TAO HUANG, YE YUAN, RICHARD ARTHUR, COLLEEN A. DE VRIES, CITIGROUP GLOBAL MARKETS INC., HAITONG INTERNATIONAL SECURITIES COMPANY LIMITED, AMTD GLOBAL MARKETS LIMITED, NEEDHAM & COMPANY, LLC, TIGER BROKERS (NZ) LIMITED, CHINA MERCHANTS SECURITIES (HK) CO., LIMITED, VALUABLE CAPITAL LIMITED, PRIME NUMBER CAPITAL LLC, and, COGENCY GLOBAL INC.,<br><br>Defendants. | Case No.<br><br>CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS<br><br><u>JURY TRIAL DEMANDED</u><br><br><u>CLASS ACTION</u> |

Plaintiff Yoav Gutman ("Plaintiff"), individually and on behalf of all other persons similarly situated, by Plaintiff's undersigned attorneys, for Plaintiff's complaint against Defendants (defined below), alleges the following based upon personal knowledge as to Plaintiff and Plaintiff's own acts, and information and belief as to all other matters, based upon, inter alia,

1

the investigation conducted by and through Plaintiff's attorneys, which included, among other things, a review of the defendants' public documents, and announcements made by defendants, United States Securities and Exchange Commission ("SEC") filings, wire and press releases published by and regarding Lizhi Inc. ("Lizhi" or the "Company"), analysts' reports and advisories about the Company, and information readily obtainable on the Internet. Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1. This is a federal securities class action on behalf of all persons and entities, other than Defendants, who purchased Lizhi American Depositary Shares ("ADSs") pursuant and/or traceable to the Company's Registration Statement (defined below) issued in connection with the Company's January 17, 2020 initial public offering (the "IPO" or the "Offering"), seeking to recover compensable damages caused by Defendants' violations of the Securities Act of 1933 (the "Securities Act") (the "Class").

## JURISDICTION AND VENUE

2. The claims asserted herein arise under and pursuant to Sections 11, 12(a)(2), and 15 of the Securities Act (15 U.S.C. §§ 77k, 77l, and 77o).

3. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, Section 22 of the Securities Act (15 U.S.C. § 77v).

4. Venue is proper in this Judicial District pursuant to Section 28 U.S.C. § 1391(b) as the alleged misleading public filings and press releases entered this district.

5. In connection with the acts, conduct and other wrongs alleged in this Complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce,

including but not limited to, the United States mail, interstate telephone communications and the facilities of the national securities exchange.

## PARTIES

6. Plaintiff, as set forth in the accompanying certification, incorporated by reference herein, purchased Lizhi ADSs at artificially inflated prices pursuant and/or traceable to the Company's IPO and was damaged thereby.

7. Defendant Lizhi operates a social audio platform for user-generated content in China. Lizhi conducted the IPO in New York, and its ADSs are listed on the NASDAQ Stock Exchange under the ticker symbol "LIZI."

8. Defendant Jinnan Lai ("Lai") a/k/a Marco Lai founded Lizhi and was, at the time of the IPO, Lizhi's Chief Executive Officer and a Director on Lizhi's Board of Directors (the "Board"). Defendant Lai reviewed, contributed to, and signed the Registration Statement.

9. Defendant Ning Ding ("Ding"), who also founded Lizhi, was Lizhi's Chief Technology Officer and a Director on Lizhi's Board at the time of the IPO. Defendant Ding reviewed, contributed to, and signed the Registration Statement.

10. Defendant Zelong Li ("Li") was, at the time of the IPO, a Vice President at Lizhi and a Director on Lizhi's Board. Defendant Li reviewed, contributed to, and signed the Registration Statement.

11. Defendant Xi Chen ("Chen") a/k/a Catherine Chen was, at the time of the IPO, Lizhi's Chief Financial Officer and a Director on Lizhi's Board of Directors. Defendant Chen reviewed, contributed to, and signed the Registration Statement.

12. Defendant Tao Huang ("Huang") served as a Director on Lizhi's Board immediately preceding Lizhi's IPO and until the SEC declared Lizhi's Registration Statement on

Form F-1, filed in connection with its IPO, effective. Defendant Huang resigned from the Board after first reviewing, contributing to, and signing the Registration Statement.

13. Defendant Ye Yuan ("Yuan") served as a Director on Lizhi's Board immediately preceding Lizhi's IPO and until the SEC declared Lizhi's Registration Statement on Form F-1, filed in connection with its IPO, effective. Defendant Yuan resigned from the Board after first reviewing, contributing to, and signing the Registration Statement.

14. Defendants Lai, Ding, Li, Chen, Huang and Yuan are sometimes referred to herein as the "Director Defendants."

15. Each of the Director Defendants:

(a) directly participated in the management of the Company;

(b) was directly involved in the day-to-day operations of the Company at the highest levels;

(c) was privy to confidential proprietary information concerning the Company and its business and operations;

(d) was directly or indirectly involved in drafting, producing, reviewing and/or disseminating the false and misleading statements and information alleged herein;

(e) was directly or indirectly involved in the oversight or implementation of the Company's internal controls;

(f) was aware of or recklessly disregarded the fact that the false and misleading statements were being issued concerning the Company; and/or

(g) approved or ratified these statements in violation of the federal securities laws.

16. Lizhi is liable for the acts of the Director Defendants and its employees under the doctrine of *respondeat superior* and common law principles of agency because all of the wrongful acts complained of herein were carried out within the scope of their employment.

17. Defendant Richard Arthur ("Arthur") served as Assistant Secretary on behalf of Defendant Cogency Global Inc. ("Cogency Global"), the designated U.S. representative of Defendant Lizhi, and reviewed, contributed to, and signed the Registration Statement.

18. Defendant Colleen A. De Vries ("De Vries") served as Senior Vice President on behalf of Defendant Cogency Global, the designated U.S. Representative of Defendant Lizhi, and reviewed, contributed to, and signed the Registration Statement.

19. Defendants Arthur and De Vries, collectively with the Director Defendants, are sometimes referred to herein as the "Individual Defendants."

20. Each of the Individual Defendants participated in the preparation of and signed (or authorized the signing of the Registration Statement (defined below) and/or an amendment thereto, and the issuance of the Registration Statement.

21. Defendant Citigroup Global Markets Inc. ("Citigroup") was an underwriter for the IPO, serving as a financial advisor for and assisting in the preparation and dissemination of the Company's false and misleading Offering Documents (defined below). Citigroup served as a representative of all the underwriters. Citigroup also participated in conducting and promoting the Offering. Citigroup's participation in the solicitation of the Offering was motivated by its financial interest. Defendant Citigroup conducts business New York.

22. Defendant Haitong International Securities Company Limited ("Haitong") was an underwriter for the IPO, serving as a financial adviser for and assisting in the preparation and dissemination of the Company's false and misleading Offering Documents.

23. Defendant AMTD Global Markets Limited ("AMTD") was an underwriter for the IPO, serving as a financial adviser for and assisting in the preparation and dissemination of the Company's false and misleading Offering Documents.

24. Defendant Needham & Company, LLC ("Needham") was an underwriter for the IPO, serving as a financial adviser for and assisting in the preparation and dissemination of the Company's false and misleading Offering Documents.

25. Defendant Tiger Brokers (NZ) Limited ("Tiger Brokers") was an underwriter for the IPO, serving as a financial adviser for and assisting in the preparation and dissemination of the Company's false and misleading Offering Documents.

26. Defendant Prime Number Capital LLC ("Prime Number") was an underwriter for the IPO, serving as a financial adviser for and assisting in the preparation and dissemination of the Company's false and misleading Offering Documents.

27. Defendant Prime China Merchants Securities (HK) Co., Limited ("China Merchants") was an underwriter for the IPO, serving as a financial adviser for and assisting in the preparation and dissemination of the Company's false and misleading Offering Documents.

28. Defendant Valuable Capital Limited ("Valuable Capital") was an underwriter for the IPO, serving as a financial adviser for and assisting in the preparation and dissemination of the Company's false and misleading Offering Documents.

29. The Defendants named in ¶¶ 21-28 above are collectively referred to herein as the "Underwriter Defendants."

30. The Underwriter Defendants agreed to purchase and sell Lizhi ADSs to the public as follows:

| Name | Number of Shares |
|---|---|
| Citigroup Global Markets Inc. | 3,590,891 |
| Haitong International Securities Company Limited | 49,605 |
| AMTD Global Markets Limited | 114 |
| Needham & Company, LLC | 188,325 |
| Tiger Brokers (NZ) Limited | 163,154 |
| Prime Number Capital LLC | 97,917 |
| China Merchants Securities (HK) Co., Limited | 114 |
| Valuable Capital Limited | 9,880 |

31. Pursuant to the Securities Act, the Underwriter Defendants are liable for the false and misleading statements in the Offering Documents. The Underwriter Defendants' failure to conduct adequate due diligence investigations was a substantial factor leading to the harm complained of herein.

32. The Underwriter Defendants are primarily investment banking houses that specialize, *inter alia*, in underwriting public offerings of securities. As the underwriters of the Offering, the Underwriter Defendants earned lucrative underwriting fees as a result of their participation in the Offering.

33. In addition, the Underwriter Defendants met with potential investors and presented highly favorable, but materially incorrect and/or misleading, information about the Company, its business, products, plans, and financial prospects and/or omitted to disclose material information required to be disclosed under the federal securities laws and applicable regulations promulgated thereunder.

34. Representatives of the Underwriter Defendants also assisted the Company and Individual Defendants with planning the Offering. They further purported to conduct an adequate and reasonable investigation into the business, operations, products, and plans of the Company, an undertaking known as a "due diligence" investigation. During the course of their "due diligence,"

7

the Underwriter Defendants had continual access to confidential corporate information concerning the Company's business, financial condition, products, plans, and prospects.

35. In addition to having access to internal corporate documents, the Underwriter Defendants and/or their agents, including their counsel, had access to the Company's lawyers, management, directors, and top executives to determine: (i) the strategy to best accomplish the Offering; (ii) the terms of the Offering, including the price at which the Company's ADSs would be sold; (iii) the language to be used in the Offering Documents; (iv) what disclosures about the Company would be made in the Offering Documents; and (v) what responses would be made to the SEC in connection with its review of the Offering Documents. As a result of those constant contacts and communications between the Underwriter Defendants' representatives and the Company's management and top executives, at a minimum, the Underwriter Defendants should have known of the Company's undisclosed existing problems and plans and the material misstatements and omissions contained in the Offering Documents, as detailed herein.

36. The Underwriter Defendants also demanded and obtained an agreement from Lizhi that the Company would indemnify and hold the Underwriter Defendants harmless from any liability under the federal securities laws.

37. Defendant Cogency Global was Lizhi's authorized U.S. representative for purposes of the IPO. Defendants Arthur and De Vries, both of whom signed the Registration Statement, were employees of Defendant Cogency Global. As a result, Defendant Cogency Global is liable for the securities law violations committed by Defendants Arthur and De Vries in its capacity as employer and as a control person under the Securities Act.

38. Lizhi, the Individual Defendants, the Underwriter Defendants, and Cogency Global are referred to herein, collectively, as the "Defendants."

## SUBSTANTIVE ALLEGATIONS

### Background

39. On August 6, 2019, Lizhi filed with the SEC a confidential draft registration statement on Form F-1, which, incorporating and in combination with related documents on Form F-6, and filed pursuant to Rule 424(b)(4), would be used for the IPO following a series of amendments in response to SEC comments. The SEC provided comments emphasizing the importance of adequately disclosing material trends and risk factors, as required by Items 303 and 105.

40. Following subsequent amendments, the registration statement was declared effective on January 16, 2020 (the "Registration Statement"). Thereafter, on January 17, 2020, Lizhi filed a prospectus for the IPO on Form 424B4, which incorporated and formed part of the Registration Statement (the "Prospectus" and with the Registration Statement, the "Offering Documents").

41. The Registration Statement was used to sell to the investing public more than 4.1 million Lizhi ADSs at $11.00 per ADS. Defendants generated approximately $45 million in gross offering proceeds from their sale of Lizhi's securities in the IPO.

42. The Offering Documents used to effectuate Lizhi's IPO and secure this enormous sum for Defendants from Plaintiff and the Class were negligently prepared and, as a result, contained untrue statements of material facts or omitted to state other facts necessary to make the statements made therein not misleading. Specifically, the Offering Documents failed to disclose Lizhi's direct and escalating exposure to the devastating coronavirus epidemic, then already raging in China and engulfing its business, customers, and employees at the time of the IPO.

## Materially False and Misleading Statements

43. The Registration Statement, signed by the Individual Defendants, misrepresented Lizhi's direct and escalating exposure to the devastating coronavirus epidemic already proliferating through China, which was impacting the Company's business, customers, and employees at the time of the IPO. For example, the Registration Statement stated as follows:

> ***We face risks related to natural disasters, health epidemics and other outbreaks, which could significantly disrupt our operations.***
>
> We ***may*** be subject to social and natural catastrophic events that are beyond our control, such as natural disasters, health epidemics, riots, political and military upheavals and other outbreaks in the country or region where we have our operations or where a portion of our users or podcasts are located. ***Such events could significantly disrupt our operations and negatively impact our business, financial conditions and development.***

(Emphasis added.)

44. The statements referenced in ¶43 above was materially false and/or misleading because they misrepresented and failed to disclose the following adverse facts pertaining to the Company's business, operational and financial results, which were known to Defendants or recklessly disregarded by them. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) at the time of the IPO, the coronavirus was already ravaging China, the home base, principal market, and significant hub for Lizhi, its employees, and its customers; (2) the complications associated with the coronavirus were already negatively affecting Lizhi's business, as employees and customers contracted the virus, lost employment, or otherwise experienced difficulty in generating, publishing, and monetizing the content critical to Lizhi's platform; (3) even prior to the IPO, Lizhi employees and customers complained of, and to, Lizhi, which harmed the Company's reputation and financial condition and prospects; and (4) as a result, Defendants' public statements were materially false and/or misleading at all relevant times.

45. Defendants were required to disclose this material information in the Registration Statement for at least three independent reasons. First, SEC Regulation S-K, 17 C.F.R. §229.303 ("Item 303"), required disclosure of any known events or uncertainties that at the time of the IPO had caused, or were reasonably likely to cause, Lizhi's disclosed financial information not to be indicative of future operating results. At the time of the IPO, the coronavirus epidemic was already ravaging China, and the complications associated with the coronavirus were already negatively affecting Lizhi's business, as employees and customers contracted the virus, lost employment, or otherwise experienced difficulty in generating, publishing, and monetizing the content critical to Lizhi platform. These undisclosed, materially negative events and trends were likely to (and in fact did) materially and adversely affect Lizhi's results and prospects and rendered the disclosed results and trends in the Registration Statement misleading and not indicative of Lizhi's future operating results.

46. Second, SEC Regulation S-K, 17 C.F.R. §229.105 ("Item 105"), required, in the "Risk Factor" section of the Registration Statement, a discussion of the most significant factors that make the offering risky or speculative, and that each risk factor adequately describe the risk. Lizhi's discussions of risk factors did not even mention, much less adequately describe the risk posed by, Lizhi's exposure to the coronavirus epidemic already ravaging China, the negative impact the coronavirus epidemic was already having on Lizhi's business, employees, and customers, the other already occurring negative results and trends, and the likely and consequent materially adverse effects on the Company's future results, share price, and prospects.

47. Third, Defendants' failure to disclose Lizhi's exposure to the coronavirus epidemic already ravaging China, the negative impact the coronavirus epidemic was already having on Lizhi's business, employees, and customers, and other already occurring negative results and

trends, as well as the likely and consequent materially adverse effects on the Company's future results, share price, and prospects, rendered false and misleading the Registration Statement's many references to known risks that, "if" occurring "might" or "could" affect the Company. These "risks" had already materialized at the time of the IPO.

48. Nonetheless, Defendants went forward with the IPO with the foregoing misrepresentations and omissions in the Registration Statement. With these misrepresentations and omissions, the IPO was extremely lucrative for Defendants, who raised approximately $45 million in gross proceeds.

## **The Truth Emerges**

49. On March 12, 2020, Defendants filed a Form 6-K report, admitting that the Company had already been impacted by the COVID-19 pandemic, stating in relevant part:

> Recently there was a novel coronavirus outbreak in China, known as COVID-19, which soon spread throughout China and in certain other countries. The COVID-19 outbreak has brought uncertainties and interruptions to China's macroeconomics and may have adverse effects on our operations. The Chinese government has taken various measures to constrain the outbreak. ***This COVID-19 outbreak has caused, and may continue to cause, companies in China, including us, to implement temporary adjustment of work schemes allowing employees to work from home.*** LIZHI prioritizes the health and safety of its employees, and has taken various preventative and quarantine measures across the Company soon after the outbreak. As a result of the COVID-19 outbreak, our normal work schedule and results of operations may be adversely impacted, and our revenues for this period may be difficult to predict. With offline activities in China largely limited since early 2020 and many communities subject to temporary lockdown, travel restriction or other form of quarantine . . . ***The extent to which COVID-19 impacts our results will depend on future developments, which are highly uncertain and cannot be predicted, including new information which may emerge concerning the severity of COVID-19 and the actions to contain or treat its impact, among others.***
>
> (Emphasis added.)

50. On April 20, 2020, in a Form 20-F annual report filed with the SEC, Defendants further admitted that before the IPO, indeed as early as "late 2019," the COVID-19 pandemic was already negatively impacting its business. In relevant part, Defendants stated:

> ***In late 2019, COVID-19, a novel strain of coronavirus, has spread worldwide.*** The COVID-19 outbreak has brought uncertainties and interruptions to China's macroeconomics and the global economy and may adversely affect our business and financial performance in 2020.
>
> \*   \*   \*
>
> ***We face risks related to the outbreak of COVID-19.***
>
> COVID-19, a novel strain of coronavirus, has spread worldwide. The COVID-19 outbreak has brought uncertainties and interruptions to China's macroeconomics and the global economy and may have adverse effects on our operations. The Chinese government as well as an increasing number of countries in the world have taken various measures to constrain the outbreak. This COVID-19 outbreak has caused, and may continue to cause, companies in China, including us, to implement temporary adjustment of work schemes allowing employees to work from home. We prioritize the health and safety of our employees, and have taken various preventative and quarantine measures across the Company soon after the outbreak. ***As a result of the COVID-19 outbreak, our normal work schedule and results of operations may be adversely impacted, and our revenues for this period may be difficult to predict.*** [. . .] ***In addition, the disposable income of certain of our users may decrease or have decreased as a result of the impact of the COVID-19 outbreak, which may also adversely affect our performance. The extent to which COVID-19 impacts our results will depend on future developments***, which are highly uncertain and cannot be predicted, including new information which may emerge concerning the severity of COVID-19 and the actions to contain or treat its impact, among others.
>
> \*   \*   \*
>
> ***[I]f the impact of the COVID-19 and volatility in the financial markets continue, our financing activities in future to raise additional capital may be materially and adversely affected***, which may in turn have an adverse effect on our ability to meet our working capital requirement and our liquidity.
>
> Any of these factors may result in large and sudden changes in the volume and price at which our ADSs will trade. In particular, ***since the COVID-19 outbreaks, concerns over the economic slowdown resulting from the COVID-19 have led to a significant decrease in the major indices of the U.S. capital markets and an***

13

*increase in the market volatility, which have, and may continue to have, adversely affected the market price of our ADSs.*

(Emphasis added.)

51. By the commencement of this action, Lizhi shares are trading below $4 per share, a decline of *over 63%* from the offering price.

52. As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

53. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a class consisting of all persons other than Defendants who purchased or otherwise acquired Lizhi ADSs in its IPO or purchased ADSs thereafter in the stock market pursuant and/or traceable to the Company's Registration Statement issued in connection with the IPO and were damaged thereby. Excluded from the Class are Defendants, the officers and directors of the Company, members of the Individual Defendants' immediate families, legal representatives, heirs, successors or assigns and any entity in which the officers and directors of the Company have or had a controlling interest.

54. The members of the Class are so numerous that joinder of all members is impracticable. There were over 4.1 million shares sold in the IPO. Since the IPO, the Company's securities have actively traded on NASDAQ. While the exact number of Class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery, Plaintiff believes that there are hundreds, if not thousands of members in the proposed Class. Record owners and other members of the Class may be identified from records maintained by

Lizhi or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

55. Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

56. Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation. Plaintiff has no interests antagonistic to or in conflict with those of the Class.

57. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class that would establish incompatible standards of conduct for the party opposing the Class.

58. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

   a. Whether the Securities Act was violated by Defendants as alleged herein;

   b. Whether the Registration Statement were negligently prepared and contained materially misleading statements and/or omitted material information required to be stated therein;

   c. the extent to which members of the Class have sustained damages and the proper measure of damages

   d. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be

relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

59. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

**FIRST CAUSE OF ACTION**
**Violation of Section 11 of The Securities Act**
**Against All Defendants**

60. Plaintiff repeats and incorporates each and every allegation contained above as if fully set forth herein, except any allegation of fraud, recklessness or intentional misconduct.

61. This Count is brought pursuant to Section 11 of the Securities Act, 15 U.S.C. §77k, on behalf of the Class, against Defendants.

62. The Registration Statement for the IPO was inaccurate and misleading, contained untrue statements of material facts, omitted to state other facts necessary to make the statements made not misleading, and omitted to state material facts required to be stated therein.

63. Lizhi is the registrant for the IPO. Defendants named herein were responsible for the contents and dissemination of the Registration Statement.

64. As issuer of the shares, Lizhi is strictly liable to Plaintiff and the Class for the misstatements and omissions.

65. None of the Defendants named herein made a reasonable investigation or possessed reasonable grounds for the belief that the statements contained in the Registration Statement were true and without omissions of any material facts and were not misleading.

66. By reasons of the conduct herein alleged, each Defendant violated, and/or controlled a person who violated Section 11 of the Securities Act.

67. Plaintiff acquired shares of Lizhi's ADSs pursuant and/or traceable to the Registration Statement for the IPO.

68. Plaintiff and the Class have sustained damages. The value of Lizhi ADSs has declined substantially subsequent to and due to Defendants' violations.

## SECOND CAUSE OF ACTION
### Violation of Section 12(a)(2) of the Securities Act
### Against All Defendants

69. Plaintiff repeats and incorporates each and every allegation contained above as if fully set forth herein.

70. This Count does not sound in fraud. Any proceeding allegations of fraud, fraudulent conduct, or improper motive are specifically excluded from this Count. Plaintiff does not allege that Defendants had scienter or fraudulent intent, which are not elements of this claim.

71. Defendants offered, sold and/or solicited a security, namely shares of Lizhi's ADSs by means of the IPO identified above, or were-controlling persons of Lizhi or of those who offered and sold Lizhi ADSs. The Registration Statement contained untrue and/or misleading statements of material fact that the Defendants in the exercise of reasonable care should have known were false.

72. Defendants actively solicited the sale of Lizhi ADSs to serve their own financial interests.

73. At the time of purchase of Lizhi's ADSs, Plaintiff and other members of the Class did not know that the representations made to them by the Defendants in connection with the distribution of shares and the matters described above were untrue, and did not know the above described omitted material facts were not disclosed.

74. As a result, Plaintiff and Class members are entitled to tender Lizhi ADSs they purchased and receive from Defendants the consideration paid for those shares with interest thereon, less the amount of any income received thereon, or damages resulting from Defendants' conduct.

75. Defendants are liable to Plaintiff and Class members pursuant to Section 12(a)(2) of the Securities Act, as seller of the securities in connection with the IPO.

76. This Action is brought within three years from the time that the securities upon this Count is brought were sold to the public, and within one year from the time when Plaintiff discovered or reasonably could have discovered the facts upon which this Count is based.

### THIRD CAUSE OF ACTION
**Violation of Section 15 of the Securities Act**
**Against Individual Defendants and Cogency Global**

77. Plaintiff repeats and incorporates each and every allegation contained above as if fully set forth herein, except any allegation of fraud, recklessness or intentional misconduct.

78. This count is asserted against the Individual Defendants and is based upon Section 15 of the Securities Act.

79. The Individual Defendants were each control persons of Lizhi by virtue of their positions as directors, senior officers, major shareholders and/or authorized representatives of Lizhi. Individual Defendants had the power and influence and exercised the same to cause Lizhi to engage in the acts described herein. The Individual Defendants each had a series of direct and/or

indirect business and/or personal relationships with other directors and/or officers and/or major shareholders of Lizhi.

80. Lizhi and the Individual Defendants were culpable participants in the violations of §§11 and 12(a)(2) of the Securities Act as alleged above, based on their having signed or authorized the signing of the Registration Statement and having otherwise participated in the process which allowed the IPO to be successfully completed.

81. This claim is brought within one year after discovery of the untrue statements and/or omissions in the Offering that should have been made and/or corrected through the exercise of reasonable diligence, and within three years of the effective date of the Offering. It is therefore timely.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

A. Determining that this action is a proper class action, designating Plaintiff as Lead Plaintiff and certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure and Plaintiff's counsel as Lead Counsel;

B. Awarding compensatory damages in favor of Plaintiff and the other Class members against all Defendants, jointly and severally, for all damages sustained as a result of Defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

C. Awarding Plaintiff and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

D. Such other and further relief as the Court may deem just and proper.

**DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury.

Dated: January 20, 2021                    Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

By: /s/ Phillip Kim
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Ave., 40th Floor
New York, NY 10016
Tel: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*Counsel for Plaintiff*