UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
YOAV GUTMAN, Individually and on Behalf of :
All Others Similarly Situated,                  :
                                                :
                          Plaintiff,            :         **REPORT &**
                                                :         **RECOMMENDATION**
                  -against-                     :
                                                :         21-CV-00317 (LDH)(PK)
LIZHI INC., JINNAN LAI, NING DING,              :
ZELONG LI, XI CHEN, TAO HUANG, YE               :
YUAN, RICHARD ARTHUR, COLLEEN A. DE             :
VRIES, CITIGROUP GLOBAL MARKETS INC.,:
HAITONG INTERNATIONAL SECURITIES                :
COMPANY LIMITED, AMTD GLOBAL
MARKETS LIMITED, NEEDHAM &
COMPANY, LLC, TIGER BROKERS (NZ)
LIMITED, CHINA MERCHANTS SECURITIES
(HK) CO., LIMITED, VALUABLE CAPITAL
LIMITED, PRIME NUMBER CAPITAL LLC,
and COGENCY GLOBAL INC.,

                          Defendants.
------------------------------------------------------------ x

**Peggy Kuo, United States Magistrate Judge:**

On January 20, 2021, Plaintiff Yoav Gutman brought this securities class action lawsuit against

Lizhi, Inc., Jinnan Lai, Ning Ding, Zelong Li, Xi Chen, Tao Huang, Ye Yuan, Richard Arthur, Colleen

A. De Vries, Citigroup Global Markets Inc., Haitong International Securities Company Limited,

AMTD Global Markets Limited, Needham & Company, LLC, Tiger Brokers (NZ) Limited, China

Merchants Securities (HK) Co., Limited, Valuable Capital Limited, Prime Number Capital LLC, and

Cogency Global Inc. (collectively, "Defendants") alleging they made false and misleading statements

and omitted material adverse facts in connection with Lizhi's registration statement and prospectus in

violation of the Securities Act. ("Compl.," Dkt. 1.) Pursuant to the Private Securities Litigation

Reform Act ("PSLRA"), on March 22, 2021, Plaintiff moved the Court for an Order appointing

Plaintiff (a) to serve as Lead Plaintiff in this action and (b) approving Plaintiff's selection of The Rosen

1

Law Firm, P.A. as Lead Counsel in the litigation. (The "Motion," Dkt. 8.) The Motion is unopposed. For the reasons below, the undersigned respectfully recommends that the Motion be granted.

## FACTUAL BACKGROUND & PROCEDURAL HISTORY

On January 20, 2021, Plaintiff filed the class action Complaint against Defendants. (Dkt. 1.) Plaintiff alleges that Lizhi's registration statement and prospectus contained false and misleading statements and omitted material adverse facts relating to the impact of the coronavirus on Lizhi's business. (*See, e.g.*, Compl. ¶ 44.) Defendants raised roughly $45 million in gross offering proceeds from the sale of Lizhi's securities in an initial public offering based on the false, misleading, or omitted facts. (*See id.* ¶ 41.) Along with the Complaint, Plaintiff filed a "Certification and Authorization of Named Plaintiff Pursuant to Federal Securities Laws" in compliance with 15 U.S.C. § 77z-1(a)(2).

That same day, Plaintiff's counsel published a notice of the Complaint through GlobeNewswire. (Dkt. 9-1.)

On March 22, 2021, Plaintiff filed the Motion seeking appointment as lead plaintiff and approval of The Rosen Law Firm as lead counsel. The Motion is unopposed and no other investor has moved to be appointed lead plaintiff or to select lead counsel.

## DISCUSSION

### I.    Publication and Motion to Appoint Lead Plaintiff and Lead Counsel

In securities class actions, the PSLRA provides for the appointment of a lead plaintiff and lead counsel. The PSLRA requires plaintiffs to

cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class—

(I)    of the pendency of the action, the claims asserted therein, and the purported class period; and

(II)   that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 77z-1(a)(3)(A)(i).  Plaintiff complied with this requirement by causing a notice describing this action, the claims, and the class period to be published in GlobeNewswire on the same day the Complaint was filed.  (Dkt. 9-1.)  *See Xiangdong Chen v. X Fin.*, No. 19-CV-6908 (KAM)(SJB), 2020 WL 2478643, at *2 (E.D.N.Y. May 13, 2020) ("Globe Newswire 'is a suitable vehicle for meeting the statutory requirement that notice be published.'") (quoting *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*, 229 F.R.D. 395, 403 (S.D.N.Y. 2004)).  Plaintiff timely moved for appointment as lead plaintiff on March 22, 2021.  *See* 15 U.S.C. § 77z-1(a)(3)(A)(i)(II); Fed. R. Civ. P. 6(a).  No member of the purported class other than Plaintiff moved to serve as lead plaintiff within the sixty-day time frame for making such a motion.

## II.    **Appointment of Lead Plaintiff**

Under the PLSRA, the court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interest of the class members," known as the "most adequate plaintiff."  15 U.S.C. § 77z-1(a)(3)(B)(i).

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action … is the person or group of persons that—
>
> (aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Id.* § 77z-1(a)(3)(B)(iii)(I).  The presumption "may be rebutted only upon proof by a member of the purported plaintiff class…"  *Id.* § 77z-1(a)(3)(B)(iii)(II).

Here, Plaintiff satisfies the first "most adequate plaintiff" requirement because he filed the Complaint.  (Compl.)

Plaintiff satisfies the second component as well.  "In making the determination of which

plaintiff has the greatest financial interest, courts consider four factors: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered." *Clifford v. TRON Found.*, No. 20-CV-2804 (VSB), 2020 WL 3577923, at *2 (S.D.N.Y. June 30, 2020) (citing *In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 100 (S.D.N.Y. 2005)); *see also Xiangdong Chen*, 2020 WL 2478643 at *3. "The fourth factor, the approximate losses suffered, is considered to be the most important." *Id.* (citing cases); s*ee also Clifford*, 2020 WL 3577923 at *2. Plaintiff filed a statement showing that he suffered losses of $10,317.38 on 11,874 shares of Lizhi as of January 20, 2021 (Dkt. 9-3), and that he "is not aware of any other movant that has suffered greater losses in Lizhi securities during the Class Period." (Dkt. 9 at 4.) Because no other purported class member has shown a greater loss, the undersigned finds that Plaintiff has the largest financial interest in the relief sought.

Finally, Plaintiff satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. The Court need only consider "whether the proposed plaintiff has made a 'preliminary showing' that two Rule 23 requirements—typicality and adequacy—are satisfied." *Xiangdon Chen*, 2020 WL 2478643 at *4 (citing cases); *see also Omdahl v. Farfetch Limited*, No. 19-CV-8657 (AJN), 2020 WL 3072291, at *3 (S.D.N.Y. June 10, 2020) (citing *In re Deutsche Bank Aktiengesellschaft Sec. Litig.*, No. 16-CV-03495 (CM), 2016 WL 5867497, at *4 (S.D.N.Y. Oct. 4, 2016)).

"To establish typicality under Rule 23(a)(3), the party [] must show that 'each class member's claim arises from the same course of events and each class member makes similar legal arguments to prove the defendant's liability.'" *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 574 F.3d 29, 35 (2d Cir. 2009) (quoting *Robidoux v. Celani,* 987 F.2d 931, 936 (2d Cir. 1993)). Plaintiff's claims are typical of the class because all class members were similarly harmed by the allegedly false and misleading statements or omitted facts from the registration statement and prospectus. (*See* Dkt. 9 at 5.)

Adequacy "entails inquiry as to whether: 1) plaintiff's interests are antagonistic to the interest

of other members of the class and 2) plaintiff's attorneys are qualified, experienced and able to conduct the litigation." *Flag Telecom Holdings*, 574 F.3d at 35 (citing *Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 60 (2d Cir. 2000)).  As to the first prong, courts find that a plaintiff's interests are not antagonistic to the class where, as here, the case is "a fairly common class action based on alleged violations of the Securities Act where class members are relying on the same statements or omissions as the factual basis of their claims, and where the financial losses are tied to the drop in value that occurred after the IPO." *See Xiangdong Chen*, 2020 WL 2478643 at *4.  With respect to the second prong, The Rosen Law Firm "has prosecuted numerous securities fraud class actions and other complex litigation and obtained substantial recoveries on behalf of investors." (Dkt. 9 at 7; Dkt. 9-4.) Plaintiff therefore satisfies the adequacy requirement.

Because no other class member has provided any proof to rebut Plaintiff's showing, the presumption in the PLSRA that Plaintiff is the most adequate plaintiff stands.  *See, e.g., Clifford*, 2020 WL 3577923, at *3 ("In the absence of any competing motions, however, there is no basis to rebut Movants' presumptive lead plaintiff status in this case").

## III.  <u>Appointment of Lead Counsel</u>

The PLSRA requires that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class."  15 U.S.C. § 77z-1(a)(3)(B)(vi).  Courts defer to a plaintiff's selection of counsel "and will only reject the plaintiff's choice … if necessary to protect the interests of the class." *Xiangdong Chen*, 2020 WL 2478643, at *5 (quoting *Bray v. Frontier Commc'ns Corp.*, No. 17-CV-1617, 2018 WL 525485, at *11 (D. Conn. Jan. 18, 2018)).  As referenced above, Plaintiff's chosen counsel, The Rosen Law Firm, has substantial experience in securities class action litigation and has served as lead counsel in many cases alleging violations of the securities laws.  (*See* Dkt. 9-4.)  The undersigned therefore finds no reason to disturb Plaintiff's selection of lead counsel.

**IV.** <u>**Conclusion**</u>

For the foregoing reasons, the undersigned respectfully recommends that the Motion be granted and Plaintiff Yoav Gutman be appointed Lead Plaintiff and The Rosen Law Firm be appointed Lead Counsel.

Any objection to this Report must be filed in writing with the Clerk of Court within fourteen (14) days of service. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to timely file any such objection waives the right to appeal the District Court's Order. *Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008).

**SO ORDERED:**

*Peggy Kuo*

PEGGY KUO
United States Magistrate Judge

Dated:    Brooklyn, New York
              April 28, 2021